**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

FERNANDO JACUINDE CALDERON,

        Petitioner,

    v.

KIM HOLLAND, Warden,

        Respondent.

Case No. 1:13-cv-01974-LJO-BAM-HC

ORDER TO PETITIONER TO SHOW CAUSE IN THIRTY (30) DAYS WHY THE PETITION SHOULD NOT BE DISMISSED FOR PETITIONER'S FAILURE TO EXHAUST STATE COURT REMEDIES (DOC. 1)

**FILING DEADLINE:**   **THIRTY (30) DAYS**

      Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303. Pending before the Court is the petition, which was filed on December 2, 2013.

      I.  <u>Screening the Petition</u>

      Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it plainly appears

1

from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, Petitioner, an inmate of the California Correctional Institution at Tehachapi, California, challenges his conviction of first degree murder and intentional discharge of a firearm and the resulting sentence of fifty years to life imposed by the Superior

2

1  Court of the State of California, County of Fresno, in 2003.
2  Petitioner raises the following claims in the petition: 1)
3  insufficient evidence to support the gang enhancement, 2) violation
4  of Fifth Amendment protection, 3) Miranda, violation, 4) due
5  process.  (Doc. 1, 5-12.)

6      II.  Exhaustion of State Court Remedies

7      A petitioner who is in state custody and wishes to challenge
8  collaterally a conviction by a petition for writ of habeas corpus
9  must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The
10 exhaustion doctrine is based on comity to the state court and gives
11 the state court the initial opportunity to correct the state's
12 alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S.
13 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v.
14 Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

15     A petitioner can satisfy the exhaustion requirement by
16 providing the highest state court with the necessary jurisdiction a
17 full and fair opportunity to consider each claim before presenting
18 it to the federal court, and demonstrating that no state remedy
19 remains available.  Picard v. Connor, 404 U.S. 270, 275-76 (1971);
20 Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court
21 will find that the highest state court was given a full and fair
22 opportunity to hear a claim if the petitioner has presented the
23 highest state court with the claim's factual and legal basis.
24 Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v.
25 Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as
26 stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

27     Additionally, the petitioner must have specifically told the
28 state court that he was raising a federal constitutional claim.

3

Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669
(9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v.
Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d
1240, 1241 (9th Cir. 1998).   In Duncan, the United States Supreme
Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971),
> we said that exhaustion of state remedies requires that
> petitioners "fairly presen[t]" federal claims to the
> state courts in order to give the State the
> "'opportunity to pass upon and correct' alleged
> violations of the prisoners' federal rights' (some
> internal quotation marks omitted). If state courts are
> to be given the opportunity to correct alleged violations
> of prisoners' federal rights, they must surely be
> alerted to the fact that the prisoners are asserting
> claims under the United States Constitution. If a
> habeas petitioner wishes to claim that an evidentiary
> ruling at a state court trial denied him the due
> process of law guaranteed by the Fourteenth Amendment,
> he must say so, not only in federal court, but in state
> court.

Duncan, 513 U.S. at 365-366.   The Ninth Circuit examined the rule
further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000),
as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir.
2001), stating:

> Our rule is that a state prisoner has not "fairly
> presented" (and thus exhausted) his federal claims
> in state court unless he specifically indicated to
> that court that those claims were based on federal law.
> See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir.
> 2000). Since the Supreme Court's decision in Duncan,
> this court has held that the petitioner must make the
> federal basis of the claim explicit either by citing
> federal law or the decisions of federal courts, even
> if the federal basis is "self-evident," Gatlin v. Madding,
> 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v.
> Harless, 459 U.S. 4, 7... (1982), or the underlying
> claim would be decided under state law on the same
> considerations that would control resolution of the claim
> on federal grounds, see, e.g., Hiivala v. Wood, 195

4

F.3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>,
88 F.3d 828, 830-31 (9th Cir. 1996); <u>Crotts</u>, 73 F.3d
at 865.
...
In <u>Johnson</u>, we explained that the petitioner must alert
the state court to the fact that the relevant claim is a
federal one without regard to how similar the state and
federal standards for reviewing the claim may be or how
obvious the violation of federal law is.

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended

by <u>Lyons v. Crawford</u>, 247 F.3d 904, 904-05 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the

highest state court as required by the exhaustion doctrine, the

Court must dismiss the petition.  <u>Raspberry v. Garcia</u>, 448 F.3d

1150, 1154 (9th Cir. 2006); <u>Jiminez v. Rice</u>, 276 F.3d 478, 481 (9th

Cir. 2001).  The authority of a court to hold a mixed petition in

abeyance pending exhaustion of the unexhausted claims has not been

extended to petitions that contain no exhausted claims.  <u>Raspberry</u>,

448 F.3d at 1154.

Petitioner states that he appealed his issues to the Court of

Appeal of the State of California, Fifth Appellate District, but did

not seek review by the California Supreme Court (CSC).  (Pet. 2.)

Petitioner further states that he filed a petition for writ of

habeas corpus in the Fresno County Superior Court but does not

indicate the disposition, if any; he does state that he raised the

issues in the first petition in the highest state court.  (<u>Id.</u> at 3-

5.)  He further indicates that he received decisions on his issues

from the Superior Court and the Court of Appeal that were dated on

the same date.  (<u>Id.</u> at 5-10.)  He states that he does not presently

have a petition pending in any other state or federal court.  (<u>Id.</u>

at 12.)  Petitioner does not specifically describe or document the

5

1  proceedings in the state courts in which he exhausted his claims
2  before the California Supreme Court.

3        Thus, upon review of the instant petition for writ of habeas
4  corpus, it appears that Petitioner has not presented his numerous
5  claims to the California Supreme Court.  If Petitioner has not
6  presented all of his claims to the California Supreme Court, this
7  Court cannot proceed to the merits of those claims.  28 U.S.C. §
8  2254(b)(1).  It is possible, however, that Petitioner has presented
9  his claims to the California Supreme Court but has simply neglected
10 to inform this Court.

11       Therefore, Petitioner must inform the Court if his claims have
12 been presented to the California Supreme Court, and, if possible,
13 provide this Court with a copy of the petition filed in the
14 California Supreme Court, along with a copy of any ruling made by
15 the California Supreme Court.  Without knowing what claims have been
16 presented to the California Supreme Court, this Court is unable to
17 proceed with the merits of the petition.

18       III.  <u>Order to Show Cause</u>

19       Accordingly, Petitioner is ORDERED to show cause why the
20 petition should not be dismissed for Petitioner's failure to exhaust
21 state court remedies.  Petitioner is ORDERED to inform the Court
22 what claims have been presented to the California Supreme Court no
23 later than thirty (30) days after the date of service of this order.

24       Petitioner is forewarned that failure to follow this order will
25 result in dismissal of the petition pursuant to Local Rule 110.
26 IT IS SO ORDERED.

27     Dated: __**January 3, 2014**__       /s/ *Barbara A. McAuliffe*
28                         UNITED STATES MAGISTRATE JUDGE