1

2

3

4

5

6

7                     **UNITED STATES DISTRICT COURT**

8                     **EASTERN DISTRICT OF CALIFORNIA**

9

10

11  FERNANDO JACUINDE CALDERON,          Case No. 1:13-cv-01974-LJO-BAM-HC

12          Petitioner,                  FINDINGS AND RECOMMENDATIONS
                                         TO DISMISS THE PETITION FOR WRIT OF
13      v.                               HABEAS CORPUS (DOC. 1) FOR FAILURE
                                         TO FOLLOW AN ORDER OF THE COURT
14                                       (DOC. 6), TO DECLINE TO ISSUE A
                                         CERTIFICATE OF APPEALABILITY, AND
15  KIM HOLLAND, Warden,                 TO DIRECT THE CLERK TO CLOSE THE
                                         CASE
16          Respondent.
                                         **OBJECTIONS DEADLINE:**
17                                       **THIRTY (30) DAYS**

18       Petitioner is a state prisoner proceeding pro se and in forma

19  pauperis with a petition for writ of habeas corpus pursuant to 28

20  U.S.C. § 2254.  The matter has been referred to the Magistrate Judge

21  pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304.

22  Pending before the Court is the Court's order, which was served on

23  Petitioner on January 3, 2014, in which the Court directed

24  Petitioner to show cause within thirty (30) days of service why the

25  petition should not be dismissed for Petitioner's failure to exhaust

26  state court remedies.  Although the thirty-day period for filing a

27  response has passed, Petitioner has not responded to the Court's

28  order to show cause.

                                    1

I.   Background

Petitioner, an inmate of the California Correctional Institution at Tehachapi, California, challenges his conviction of first degree murder and intentional discharge of a firearm and the resulting sentence of fifty years to life imposed by the Superior Court of the State of California, County of Fresno, in 2003. Petitioner raises the following claims in the petition: 1) insufficient evidence to support the gang enhancement, 2) violation of Fifth Amendment protection, 3) Miranda, violation, 4) due process.  (Doc. 1, 5-12.)  In the petition, Petitioner stated that he appealed his issues to the Court of Appeal of the State of California, Fifth Appellate District, but did not seek review by the California Supreme Court (CSC).  (Id. at 2.)  Petitioner further states that he filed a petition for writ of habeas corpus in the Fresno County Superior Court but does not indicate the disposition, if any; he does state that he raised the issues in the first petition in the highest state court.  (Id. at 3-5.)  He further indicates that he received decisions on his issues from the Superior Court and the Court of Appeal that were dated on the same date. (Id. at 5-10.)  He states that he does not presently have a petition pending in any other state or federal court.  (Id. at 12.) Petitioner does not specifically describe or document the proceedings in the state courts in which he exhausted his claims before the California Supreme Court.

Because Petitioner had not adequately alleged exhaustion of state court remedies, the Court's order to show cause issued.

II.   Dismissal for Failure to Follow a Court Order

Local Rule 110 provides:

2

> Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.

District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate... dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In the instant case, Petitioner has failed to respond to the Court's order for over two months.

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on

3

1  their merits; and (5) the availability of less drastic alternatives.

2  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone,

3  833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at

4  53.

5        In the instant case, because the petition has been pending for

6  a lengthy period, the Court finds that the public's interest in

7  expeditiously resolving this litigation and the Court's interest in

8  managing the docket weigh in favor of dismissal.  The third factor,

9  risk of prejudice to respondents, also weighs in favor of dismissal,

10 since a presumption of injury arises from the occurrence of

11 unreasonable delay in prosecuting an action.  Anderson v. Air West,

12 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public

13 policy favoring disposition of cases on their merits -- is greatly

14 outweighed by the factors in favor of dismissal discussed herein.

15 Finally, the Court has reviewed the "consideration of alternatives"

16 requirement.  See, Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833

17 at 132-33; Henderson, 779 F.2d at 1424.  The Court's order dated

18 January 3, 2014, gave Petitioner thirty days to comply with the

19 Court's order but expressly informed Petitioner that the action

20 would be dismissed if Petitioner failed to respond to the order

21 within thirty days.  (Doc. 6, 6:24-25.)  Petitioner has failed to

22 respond to the Court or otherwise inform the Court of his

23 intentions.  Accordingly, no other alternative to dismissal is

24 appropriate.

25        The Court concludes that dismissal is appropriate.

26        III.  Certificate of Appealability

27        Unless a circuit justice or judge issues a certificate of

28 appealability, an appeal may not be taken to the court of appeals

4

1  from the final order in a habeas proceeding in which the detention

2  complained of arises out of process issued by a state court.  28

3  U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336

4  (2003).  A district court must issue or deny a certificate of

5  appealability when it enters a final order adverse to the applicant.

6  Rule 11(a) of the Rules Governing Section 2254 Cases.

7     A certificate of appealability may issue only if the applicant

8  makes a substantial showing of the denial of a constitutional right.

9  § 2253(c)(2).  Under this standard, a petitioner must show that

10  reasonable jurists could debate whether the petition should have

11  been resolved in a different manner or that the issues presented

12  were adequate to deserve encouragement to proceed further.  Miller-

13  El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S.

14  473, 484 (2000)).  A certificate should issue if the Petitioner

15  shows that jurists of reason would find it debatable whether the

16  petition states a valid claim of the denial of a constitutional

17  right or that jurists of reason would find it debatable whether the

18  district court was correct in any procedural ruling.  Slack v.

19  McDaniel, 529 U.S. 473, 483-84 (2000).  In determining this issue, a

20  court conducts an overview of the claims in the habeas petition,

21  generally assesses their merits, and determines whether the

22  resolution was debatable among jurists of reason or wrong.  Id.

23     Here, it does not appear that reasonable jurists could debate

24  whether the petition should have been resolved in a different

25  manner.  Petitioner has not made a substantial showing of the denial

26  of a constitutional right.

27     Accordingly, a certificate of appealability should not issue.

28     IV.  Recommendations

Accordingly, it is RECOMMENDED that:

1)  The petition be DISMISSED for Petitioner's failure to follow the order of the Court and failure to prosecute the action; and

2)  The Court DECLINE to issue a certificate of appealability; and

3)  The Clerk be DIRECTED to close the action because an order of dismissal would terminate the proceeding in its entirety.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __**March 11, 2014**__          __/s/ *Barbara A. McAuliffe*__ _
UNITED STATES MAGISTRATE JUDGE